UNITED STATES DISTRICT COURT  FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

MARY de SUZE, LOUISE GRANT, and,
PETRA MONTGOMERY,

                Plaintiffs,

- versus -

SHAUN DONOVAN, *United States Secretary of Housing & Urban Development*, MATHEW WAMBUA, *Commissioner of Housing Preservation & Development of New York City*, MARC JAHR, *President of Housing Development Corporation of New York City*, DARRYL C. TOWNS, *Commissioner/CEO Housing and Community Renewal of New York State*, ALAN SULLIVAN, *Manager of Linden Plaza Preservation Associates, Linden General Partner LLC, & R & S Linden LLC*, and ROBERT VACCARELLO, *President of RY Management Co., Inc.*,

                Defendants.

ORDER
13-CV-2093 (JG)

JOHN GLEESON, United States District Judge:

        Mary de Suze, Louise Grant, and Petra Montgomery commenced this action against defendants (1) Alan Sullivan, as manager of Linden Plaza Preservation, L.P. and Linden Plaza Associates, L.P., and Robert Vaccarello, as president of RY Management Co., Inc. (collectively, the "Linden defendants"); (2) Mathew Wambua, Commissioner of the New York City Department of Housing Preservation and Development ("HPD"), and Marc Jahr, President of the New York City Housing Development Corporation ("HDC") (collectively, the "City defendants"); (3) Shaun Donovan, Secretary of United States Department of Housing & Urban Development ("HUD"); and (4) Darryl C. Towns, Commissioner/CEO Housing and Community Renewal of New York State. Defendants move to dismiss their complaint. I heard oral argument on August 23, 2013. For the reasons set forth below the motions to dismiss are granted.

Grant, Montgomery and de Suze are tenants of the Linden Plaza Apartments in Brooklyn, New York. Their complaint is similar to those brought by ten *pro se* plaintiffs[1] who are their neighbors and who were before the Court on July 26, 2013 on defendants' motions to dismiss their complaint. All three of the plaintiffs here were present at the July 26 oral arguments. After the July 26 oral arguments, I ruled orally, granting defendants' motions to dismiss. Familiarity with that oral ruling is assumed and the ruling is incorporated here by reference. Though Grant, Montgomery and de Suze were present for that ruling, for their convenience a transcript is attached to this memorandum. *See* Exh. A.

In addition to adopting by reference the reasons set forth in the July 26, 2013 transcript, I write to address plaintiffs' assertions at the August 23 oral argument that the essence of the defendants' wrongful conduct is that the rents at the Linden Plaza Apartments could not be lawfully raised absent a "project based Section 8 contract." Unfortunately, a notice provided by HUD[2] at the oral argument states otherwise. The Notice states that "[r]ent increases that are requested and processed at the time of refinancing may be processed by using *either* the Section 236 budget-based rent increase procedure *or*, if there is Section 8 project-based assistance, and the project is eligible for the 'Mark Up to Market' rent increase procedure . . ." Notice at p. 12 (emphasis added).

---

[1] Oral argument on the following cases were heard on July 26, 2013: *Michelle Hassock v. Shaun Donovan, et al.,* 13-cv-982; *Renee Avent v. Shaun Donovan, et al.,* 13-cv-2088; *Deborah Priester v. Shaun Donovan, et al.*, 13-cv-2089; *Carlota Brown v. Shaun Donovan, et al.*, 13-cv-2090; *Leonard Andre v. Shaun Donovan, et al.*, 13-cv-2091; *Bernadette Sampson v. Shaun Donovan, et al.*, 13-2092; *Ambrozine Dhu v. Shaun Donovan, et al.*, 13-cv-2643; *Elvia Scharschmidt v. Shaun Donovan, et al.*, 13-cv-2644; *Shatifa Daniels v. Shaun Donovan, et al.*, 13-cv-4901; *Arlene Hipp v. Shaun Donovan, et al.*, 13-cv-2087.

[2] At the August 23 oral arguments, HUD provided Notice "H 00-8" with the subject line "Guidelines for Continuation of Interest Reduction Payments after Refinancing: "Decoupling:, under Section 236(e)(2) and refinancing of insured Section 236 projects into non-insured Section 236(b) projects." ("Notice"). The Notice is outside the scope of the motion to dismiss; however, it does shed light on the rent issue being litigated and helps to answer some of the entirely legitimate questions these plaintiffs and their neighbors have raised about the steep increases in rents at the Linden Plaza Apartments in recent years. I accept for filing plaintiffs' "Clarification Letter" dated August 28, 2013 but conclude that it does not warrant a different result.

CONCLUSION

Accordingly, the defendants' motions to dismiss are granted.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 3, 2013
      Brooklyn, New York